Littdeton, Judge,
delivered the opinion of the court:
The Jurisdictional Act of August 26,1985,[2] waives the defense that the action is one sounding in tort. Plaintiff’s actual loss, which we have found to be $75,000, resulted from the breaking of the dike of earth which afforded the only protection of plaintiff’s property from the waters of the Black Rock Harbor and Canal which dike the facts show the defendant negligently failed to repair promptly after the first harmless break therein on December 18, 1921. It was the duty of the defendant to maintain a proper and adequate *278 dike to protect plaintiff’s gravel island from damage by the waters of the cahal and the facts show that by the exercise of reasonable diligence the break in the dike on December 18, 1921, which did not cause any of the damage herein found to have been sustained by plaintiff, could have been repaired and the dike made adequate and sufficient to prevent the loss which occurred as a result of a storm causing similar high waters January 5, 1922. The work of repairing the dike after all the damage herein found had been sustained by plaintiff was begun on January 6,1922, and the dike was reconstructed of stone. The work was completed on February 25, 1922. In these circumstances it seems clear that under the provisions of the jurisdictional act the plaintiff is entitled to recover the amount of its actual damages.
Plaintiff also claims interest at 6 percent from January 5, 1922, “as a part of just compensation,” but it is clear that it cannot recover interest on the damages sustained by reason of the failure of the defendant to maintain an adequate and properly constructed dike to protect plaintiff’s property from damage or to exercise reasonable diligence in repairing the same after the break on December 18, 1921, and before the damage sustained by plaintiff occurred. There was no taking of plaintiff’s property by the defendant for a public use within the meaning of the Fifth Amendment.
Judgment will be entered in favor of plaintiff for $75,000 without interest. It is so ordered.
Whaley, Judge; Williams, Judge; Green, Judge; and Booth, Chief Justice, concur.
[Plaintiff’s motion to amend the judgment, so as to include interest, overruled June 26,1989.]

 “Conferring jurisdiction upon the Court of Claims to hear, consider, and render judgment on the claim of Squaw Island Freight Terminal Company, Incorporated, of Buffalo, New York, against the united States in respect of loss of property occasioned by the breaking of a Government dike on Squaw Island.
“Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That jurisdiction is hereby conferred upon the Court of Claims of the united States, notwithstanding the lapse of time or any statute of limitations or other limitations upon the jurisdiction of such court, to hear, consider, and render judgment on the claim of Squaw Island Freight Terminal Company, Incorporated, for just compensation to it for loss of property and/or damages occasioned by the breaking of an inadequate and/or improperly and insufficiently constructed Government dike on Squaw Island between Black Rock Canal and the Niagara River in December 1921 and January 1922.” (49 Stat. 2177.)